IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,             )
                              )
v.                            )     Case No. 09-20119-10-JWL
                              )
ALFRED ANAYA,                 )
                              )
        Defendant.             )
                              )
_____)

# MEMORANDUM AND ORDER

This matter is presently before the Court on defendant Alfred Anaya's motion to suppress evidence obtained from wiretaps on three target telephones (Doc. # 367). The Court conducted an evidentiary hearing and heard arguments on the motion on November 29, 2010. For the reasons set forth below, the Court **denies** defendant's motion to suppress.

1. Defendant first argues that the sworn affidavit submitted in application for the wiretap orders did not sufficiently show (with sufficient factual support) necessity for the wiretaps, i.e., that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." *See* 18 U.S.C. § 2518; *see also United States v. Green*, 175 F.3d 822, 828-29 (10th Cir. 1999) (wiretap order is presumed proper, and defendant bears the burden of overcoming that presumption). The Court rejects this argument. The applications for the wiretaps

addressed other traditional investigative techniques and explained in detail why each such technique would not accomplish the various goals of the applications, which included identifying members, suppliers, and customers of the target drug trafficking organizations. Specifically, the applications established the following: The use of confidential sources or undercover agents or consensual recordings could not provide the necessary information because investigators lacked a source sufficiently close to defendant or the organization to be trusted well enough, and such techniques would not likely obtain the specific information desired. Surveillance was conducted on defendant, but without the interception of calls, surveillance could not be focused on meaningful times, and continuous surveillance would likely alert defendant to the investigation. Pen registers and toll analysis could reveal numbers called and the frequency of such calls, but they would not identify the callers or reveal the content of the calls. There was no probable cause for a search warrant on defendant's residence (the only relevant location), and the use of such a warrant would alert the organizations to the investigation. Although a trash pull was conducted once, additional pulls would not likely provide significant evidence, as members of drug trafficking organizations usually destroy such evidence, and evidence that defendant was building illegal hidden compartments would not necessarily be distinguishable from evidence of a legitimate business.

Moreover, at the hearing, two investigative agents confirmed in greater detail that other techniques were limited and could not have provided the desired information about the drug trafficking organizations. For instance, they testified that physical surveillance

2

was difficult in defendant's neighborhood, with an increased likelihood that defendant would be tipped off to the surveillance. They also testified that defendant was believed to possess weapons, increasing the danger of using come investigative techniques. In addition, when asked about the eventual use of a pole camera for surveillance, the agents testified that such surveillance was limited and did not reveal the identities of visitors to the residence or show what took place inside the residence. Similarly, an agent testified that the use of GPS trackers on vehicles would be difficult and dangerous to implement in this case.

The Court concludes that the affidavits contained sufficient information, in sufficient detail, to show the necessity for the wiretaps. Defendant's argument that additional trash pulls could have been used is unconvincing, for the reasons set forth in the affidavits and by the witnesses. Defendant questions whether a confidential source or undercover agent might have been used successfully, but the applications and witnesses adequately addressed the use of such techniques. Defendant wonders about whether a no-knock warrant could have been used, but the use of such a technique suffers from the same limitations attending the use of a regular search warrant.

Accordingly, the Court rejects this basis for suppression of the wiretap evidence.

2. Defendant next argues that the wiretap applications did not establish probable cause that he was involved in criminal activity, that communications concerning that activity would be obtained through interception, and that the target telephone could be connected to him. *See* 18 U.S.C. § 2518(3)(a), (b), (d). Defendant

3

notes that such probable cause is not shown in the original application affidavit. The applications incorporate the information contained in sealed "Hobbs" affidavits, but defendant argues that the Court must at least review those affidavits to determine whether the requisite probable cause was shown to justify issuance of the wiretap orders.

The Court has reviewed the relevant Hobbs affidavits in camera, and it concludes based on that review that the statute's probable cause requirement was satisfied here. Using wiretaps issued in another investigation, authorities intercepted calls involving known drug traffickers in which they discussed having hidden automobile compartments or "traps" built for them by defendant. References to detection by customs officials and the use of x-ray-interfering carbon paper and mirror-like surfaces provide evidence that the traps were intended for illegal drug-trafficking purposes. Other intercepted calls related to the possibility of defendant's traveling to Mexico to fix a compartment that would not open. Toll records show that defendant had telephone communications with numbers belonging to individuals under investigation for drug trafficking. Finally, the target number was registered to defendant, and authorities intercepted calls with defendant using that number from other wiretaps.[1]

Thus, the Court rejects this basis for suppression as well.

3. Third, defendant argues that the evidence should be suppressed because of a material omission in the applications. *See* 18 U.S.C. § 2518(1)(c) (aplication must

---

[1] Defendant has not made any argument concerning probable cause as it related to the owners of the other target telephones.

include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous"); *Green*, 175 F.3d at 828 (if wiretap affiant intentionally or recklessly omits material information that would vitiate the necessity requirement if included, resultant evidence must be suppressed). In this regard, defendant is only able to point to the fact, noted in subsequent applications, that investigators installed a pole camera for surveillance of defendant's residence. Of course, before investigators began the process of installing a pole camera, there was no material omission, as the failure to note the use of such a camera in the applications would correctly have indicated that that technique had not been used. The application for the first extension of the wiretap on target telephone #1, however, omitted the fact that investigators intended to install a pole camera at the residence in the near future. Defendant argues that such information should have been included as relevant to the issuing judge's necessity determination.

The Court rejects this argument. First, defendant has not shown that omission was material, i.e., that the outcome of the application would have been different with the inclusion of the omitted information. One witness at the hearing credibly testified, without refutation, that the camera had only limited usefulness because it showed only the front of the residence and did not allow for the identification of visitors. The subsequent applications noted that the pole camera did not provide the information sought concerning the suspected criminal activity. Second, defendant has not shown that

5

the affiant acted recklessly or with intent in omitting a reference to the intended future use of a pole camera in the one application, as the camera was included in all subsequent applications.  Therefore, the Court rejects this basis for suppression.

4. Finally, defendant stated in his motion and at the beginning of the hearing that the Government was required to show that it complied with the minimization requirement of 18 U.S.C. § 2518(5) in conducting the wiretap interception.  The Government presented evidence at the hearing that instructions regarding minimization were followed and that regular reports were submitted to the issuing court.  The Government also presented evidence concerning how many intercepted calls were minimized and how many had evidentiary value.  At the conclusion of the hearing, defendant did not challenge this evidence or offer any argument that the Government failed to comply with the minimization requirement in any way.  Accordingly, the Court rejects this basis for suppression.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Alfred Anaya's motion to suppress evidence obtained from wiretaps on three target telephones (Doc. # 367) is **denied**.

IT IS SO ORDERED.

Dated this 29th day of December, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge