**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

United States of America,

        Plaintiff,

v.                                       Case No. 09-20119-10-JWL

Alfred Anaya,

        Defendant.

## MEMORANDUM & ORDER

Defendant Alfred Anaya was indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, and marijuana; and on two counts of intimidation of federal witnesses. In February 2011, a jury convicted him on the conspiracy charges related to cocaine and methamphetamine and on both counts of intimidation. In January 2012, the court sentenced Mr. Anaya to 292 months in prison for the conspiracy count and 240 months for the intimidation counts, to run concurrently. Mr. Anaya appealed his conviction and the Tenth Circuit affirmed the conviction. *See United States v. Anaya*, 727 F.3d 1043 (10th Cir. 2013). This court subsequently reduced Mr. Anaya's sentence to 235 months pursuant to Amendment 782. In March 2018, Mr. Anaya filed a motion labelled "Motion Pursuant to Rule 52(b) Plain Error." In that motion, Mr. Anaya asserted errors based on the Supreme Court's opinions in *Apprendi*, *Booker* and *Alleyne*. The court dismissed that motion for lack of jurisdiction because the motion was clearly an attempt to collaterally attack the validity of Mr. Anaya's sentence. In September 2018, the Circuit affirmed this court's order.

This matter is now before the court on Mr. Anaya's motion to dismiss his case for lack of jurisdiction, "mens rea violations" and ineffective assistance of counsel. Again, Mr. Anaya's motion is obviously an attack on the validity of his sentence and 28 U.S.C. § 2255 provides the proper vehicle for this attack. While the court is authorized to recharacterize Mr. Anaya's motion as one filed under § 2255, the court declines to do so in light of the potential consequences of that recharacterization. *See Davis v. Roberts*, 425 F. 3d 830, 835 (10th Cir. 2005). Mr. Anaya, then, may choose to collaterally attack his sentence by filing a petition under § 2255. His motion to dismiss, however, must be dismissed for lack of jurisdiction.

To obtain a certificate of appealability from this court's procedural ruling dismissing Mr. Anaya's motion for lack of jurisdiction, Mr. Anaya must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability. Reasonable jurists could not debate the court's decision to dismiss the motion for lack of jurisdiction.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Anaya's motion to dismiss (doc. 1187) is dismissed and a certificate of appealability is denied.

---

[1] Because the court has not recharacterized Mr. Anaya's motion as a motion under § 2255, a certificate of appealability may not be required. Nonetheless, in an abundance of caution and because Mr. Anaya's motion raises issues that must be raised, if at all, under § 2255, the court addresses the COA issue.

**IT IS SO ORDERED.**


Dated this 3rd  day of December, 2018, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge